■ SEYMOUR MANDEL, as Trustee in Bankruptcy of DANIEL A. NOWICKI and Another, Respondent, v. PAUL CORY, as Treasurer of Travelers Express Company, Appellant

Memorandum: The judgment in favor of Mandel as trustee of the estate of Florence Nowicki should be modified by reducing the amount thereof by one half, to the sum of $2,120.87, and, as so modified, affirmed, with interest and costs. The reduction by one half represents the amount paid to Travelers Express Company from the contribution made by Daniel Nowicki to Travelers through his wife. The judgment awarded to Mandel as trustee of the estate of Daniel Nowicki should be reversed. The amount contributed to the payment to Travelers from Daniel Nowicki was not a preference to Travelers as a creditor of Daniel. The payment was in the nature of a gratuitous transfer to Travelers through Florence, Daniel's wife. Therefore, the cause of action for a preference under the provisions of section 60 and subdivision 19 of section 1 of the Bankruptcy Act (U. S. Code, tit. 11, § 96; § 1, subd. [19]), as alleged in the complaint of the trustee in bankruptcy of the estate of Daniel, was not established. There may be another cause of action which can be asserted based upon an alleged fraudulent transfer under section 67 of the Bankruptcy Act, but such a cause of action is not before us, nor was there proof to substantiate it. (Appeal from judgment of Erie Trial Term in favor of plaintiff in action to collect antecedent debt.) Present — Williams, P. J., Bastow, Henry and Marsh, JJ.

■ 3240 SHERIDAN DRIVE, INC., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 43784.)

Memorandum: The theory of consequential damage because of loss of expansion area was not supported by the evidence. A new hearing is required to determine the extent of damages because of elimination of frontal parking and for interference with and limitation on frontal access. The amount allowed for the direct taking was proper. The State claims that no award should have been made for the improvements on the frontal property. We disagree and, inasmuch as the amount allowed for improvements was lower than that to which the State's expert testified, we have no criticism of the allowance. (Appeal from judgment of Court of Claims in action for damages for permanent appropriation.) Present — Williams, P. J., Bastow, Henry and Del Vecchio, JJ.

■ EUGENE YENNOCK, as Executor of SAM YENNOCK, Deceased, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 39828.)

Memorandum: We find that the award for damages as to Parcel A is excessive in the amount of $9,165.00. On appeal it was stipulated that no question was raised as to Parcels B and C. (Appeal from judgment of Court of Claims, in an action for damages for permanent appropriation.) Present — Williams, P. J., Bastow, Henry and Del Vecchio, JJ.